Boeing, J.,
delivered the opinion of the court: .
The material facts are that the steamer Flushing was chartered by the Quartermaster Department in March, 1862, and the war risk was to be borne by the United States, and the marine risk north of Cape Henry by the owners. On the 28th of March, 1862, iu going over Hampton bar, in charge of a pilot, the steamer struck an unseen and hidden obstruction, supposed to be a wreck, and sunk. On September 1st she was raised by her owners and carried to New York, and repaired there by March, 1863, and not before; and her repairs amounted to $37,791 63, and the owners claim this amount, and also the sum of $123,200, making in all $160,997 63.
In this case the vessel was lost by a marine risk north of Cape Henry, and that is the description in the charter-party of the risks to be borne by the owners.
Bub it is claimed that the steamer was in the possession of the United States by the effect of the charter-party, and by the pilot, at the time of the disaster, as he was commissioned and paid by the United States,, and was their agent.
*7 The steamer was in tbe possession of the captain and crew provided by the owners, and the United States only directed her destination. This is the 'circumstance that, by the general rule, decides temporary ownership between the charterer and owners, and there is nothing in the case to qualify it.
The pilot was selected by the captain, who, on pilot ground and, in the place he was, was bound to take a pilot, who was thus the employé of the captain for a special service^ which had no more relation to the temporary ownership between charterer and owner than the possession of the vessel by a painter or rigger, in the exereise of his vocation, would have had.
Uor is it material that the pilot was commissioned and paid by the month by the United States. On the Atlantic coast all pilots are commissioned by the United States, or by the States, under the sanction of the United States laws. And this is to ■ secure competent persons for the employment, and to exclude others. It is a measure of public safety; but every captain employs which pilot he pleases, and the pilot is then the em-ployé of the captain for that service,,' and nothing more. He is the agent for. nobody and represents nobody.
It was claimed that the United States were in default because a buoy which had been placed on the obstruction which caused the disaster was carried a way just before and replaced just after the disaster. But if any officers of the United States have failed in' the performance of a public duty, that gives the petitioners no right of action here, and makes no contract with them, express or implied, and the United States are not liable for the defaults of their officers.
And it was said that the owners, on the 15th March, 1863, a year after the disaster, tendered the vessel to the United States in continuance of her service. But no such tender was proved.
The judgment of the court is that the petition be dismissed.
Pegk, J., did not sit at the hearing of this case, nor take any part in the decision.